SCHOOL DISTRICT No. 67 v. JAMES S. VEDDER.

WRITTEN INSTRUMENTS; *Variance, Between Description, and Proof.* In an action brought before a justice of the peace against a school district upon an order of such district for $50, issued and dated March 3d 1874, and payable to F. or order, and the only description of the plaintiff's cause of action contained in the summons served in the case is, that judgment is claimed on a certain school-district order of said district, dated December 4th 1874, for $50, with interest at the rate of seven per cent. per annum from date of said order, and there is no appearance on the part of the school district, it is error to render judgment on the return of such summons for $50 with interest from 3d March 1874.

*Error from Washington District Court.*

THE district court, at the August Term 1876, affirmed a judgment previously rendered in favor of *Vedder* by a justice of the peace. *School District No. 67,* of Washington county, defendant before the justice, brings the case here on error. All necessary facts are stated in the subjoined opinion.

*J. W. Rector*, for plaintiff in error.

*A. M. Hallowell*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought originally before a justice of the peace to recover $50, with interest at the rate of seven per cent. from March 3d 1874, on an order of said school district No. 67, issued and payable to one "F. K. Fisk, or order." The order was dated 3d March 1874. Vedder, defendant in error, (plaintiff below,) was the owner of the order at the institution of the action. The only manner in which the plaintiff's cause of action was described in the summons issued and served in the case was, by stating that judgment was claimed "on a certain school-district order of said district dated December 4th 1874, for the sum of $50 with interest at the rate of 7 per cent. per annum from date of said order." There was no appearance by the school district in the justice's court, and judgment was rendered on 13th May 1876 — the same being the return-day of the summons — for $57.42, being the amount of the order with interest from March 3d 1874. Thereafter the school district prosecuted its proceeding in error in the district court of Washington county to reverse said judgment, and the said court having affirmed the same, the case has been brought here for review.

The judgment of the district court was erroneous. The 11th section of procedure before justices in civil cases provides, among other things, that the summons "must describe the plaintiff's cause of action in such general terms as to apprise the defendant of the nature of the claim against him." (Gen. Stat. 777.) In this case there was not only an omission to describe the cause of action correctly, but the description was of a character to mislead the defendant as to what order the suit was brought upon. There was a variance between the bill of particulars and the process notifying the defendant of the suit. In actions upon orders of this kind,

*the date* is an important element in the description. If more than one order had been issued by the school district to the same payee of the like sum, the only mode of ascertaining the precise order sued on would have been by its date. Nor can it be urged in support of the proceedings of the justice that the summons was correct, and the bill of particulars wrong, as the order copied in the record is dated "March 3d 1874," and the judgment was taken for the face of the order, with interest from March 3d, 1874, and not from December 4th, as stated in the summons. In other words, judgment was rendered for interest on the order for nine months more time than the defendant was notified of by the summons. The proceedings of justices should be treated with great liberality and indulgence, and the public welfare does not require their proceedings to conform to the same strictness as the superior courts; but in matters pertaining to the process by which they obtain jurisdiction of a party defendant, the provisions of the statute should at least be substantially complied with. Had the date of the order been omitted in the summons, and no greater judgment taken than stated therein, no irregularity would have existed in the proceedings.

The judgment of the district court will be reversed.

All the Justices concurring.